UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TIMOTHY DELLAS,<br><br>　　　　Defendant.<br>_____/ | No. CR 03-0226 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendant's motion for relief pursuant to 28 U.S.C. section 2255** |

BACKGROUND

　　　On July 4, 2006, Timothy Dellas was convicted by a jury of manufacturing marijuana in violation of 21 U.S.C. sections 841(a)(1) and (b)(1)(A)(vii), and possession with intent to distribute marijuana in violation of 21 U.S.C. sections 841(a)(1) and (b)(1)(A)(vii).  He was sentenced to 120 months of incarceration.  Now before the court is Dellas' motion to vacate his judgement and sentence pursuant to 28 U.S.C. section 2255.  For the reasons stated below, Dellas' motion is denied.

LEGAL STANDARD

　　　The court may entertain a motion to vacate a conviction and sentence on behalf of a "prisoner in custody under sentence of a court established by Act of Congress claiming . . . that the sentence was imposed in violation of the Constitution."  28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney."  28 U.S.C. § 2255(b).

DISCUSSION

The files and records in this case conclusively demonstrate that Dellas is entitled to no relief with respect to each of the four grounds on which he seeks relief.

Firstly, Dellas argues that his First Amendment rights were "nullified" when the court discouraged him from challenging the prohibitions against manufacture, possession and distribution of marijuana in Title 26 of the United States Code as unconstitutional. Dellas, however, was afforded ample opportunity to argue this issue. On March 5, 2004, Dellas filed a motion to dismiss his indictment for lack of subject matter jurisdiction and on Tenth Amendment grounds. In this motion, Dellas challenged the constitutionality of 21 U.S.C. section 841 as it relates to marijuana. After due consideration, the court denied Dellas' motion. Dellas also appealed this judgment to the United States Court of Appeals for the Ninth Circuit, where it was affirmed. Accordingly, Dellas' First Amendment rights were not nullified.

Secondly, Dellas argues that the court exhibited bias during jury voir dire. Specifically, he claims the court is biased because it agreed with a prospective juror who stated she "believed that if cannabis had any value, it would have been legalized a long time ago." Docket No. 178 (Motion) at 6. This allegation is false. The jury voir dire transcript does not reveal any instance where the court manifested such agreement. *See* Docket No. 159 (Transcript). Dellas also alleges that the court exhibited bias when, after another prospective juror commented that "when I see all those government employees over there and that guy over there, I know he must be guilty," the court responded "you seem like a very intelligent woman." Motion at 6. This argument misrepresents the court's statement by taking it out of context. Although the court undeniably made the statement, it was made subsequent to a lengthy explanation of the jury's function and the importance of a juror's impartiality. Transcript at 68–71. Dellas also alleges that the court attempted to persuade a potential juror to be on the jury with "numerous law enforcement connections" who said "she did not believe she could be fair to defendant." Motion at 8. This juror, however, was excused and therefore did not cause Dellas any prejudice. Transcript at 202–05.

2

Thirdly, Dellas argues that the court was "commingling" with the prosecution because it refused to accommodate his desired trial schedule. Dellas, however, had ample time to prepare for trial. His trial began April 25, 2006, and as of August 31, 2005, Dellas had settled upon a lead attorney. The attorney who assumed responsibility as lead counsel was already participating in Dellas' representation, and was therefore familiar with the case. Accordingly, Dellas and his counsel had from September 2005 to April 2006 to prepare for trial, which was sufficient for effective representation given the charges at issue.

Lastly, Dellas argues that his sentence of 120 months of incarceration for violating 21 U.S.C. sections 841(a)(1) and (b)(1)(A)(vii), the statutory minimum, constitutes cruel and unusual punishment under the Eighth Amendment because the law is based on false evidence and is arbitrary and excessive. Dellas has not alleged that his individual sentence was cruel and unusual, but only that the statute itself is cruel and unusual. As with his first ground for relief, Dellas seeks review of the constitutionality of 21 U.S.C. sections 841(a)(1) and (b)(1)(A)(vii). He has been heard on the merits of this issue by the court as well as the Ninth Circuit, and therefore is not entitled to relief upon this basis.

Accordingly, the files and records of the case conclusively show that the prisoner is entitled to no relief under 28 U.S.C. section 2255.

CONCLUSION

For the foregoing reasons, Dellas' motion for relief is DENIED.

IT IS SO ORDERED.

Dated: July 29, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California